Frank Tomburo and Edna Courville, complainants-appellants,

*v.*

Liberty Freehold Theatre Corporation, defendant-respondent.

[Argued February 6th, 1942. Decided April 23d, 1942.]

*Messrs. Parsons, Labrecque & Borden (Mr. Theodore D. Parsons,* of counsel), for the complainants-appellants.

*Messrs. Lum, Fairlie & Wachenfeld (Mr. Chester W. Fairlie,* of counsel), for the defendant-respondent.

The opinion of the court was delivered by

PORTER, J.

The complainants are tenants conducting a beauty parlor on the second floor of the defendant's theatre building in Freehold and charge that a sign which was on a marquee over the theatre entrance when the lease was made has been replaced by a new and higher one which obstructs and blocks windows to the demised premises thus depriving them of light, air, view and advertising use of the windows and praying that the obstruction be removed and the premises be restored to their prior condition.

Vice-Chancellor Bigelow heard the case and advised an order of dismissal finding from the proofs that the facts did not entitle the complainants to the relief sought. We concur in that view.

Complainants leased the premises from the owner Max Snider, defendant, for a term of five years, about one year before the commencement of this action. A few months later the theatre which had been conducted by Mr. Snider was leased and came into the possession by assignment of the lease of Liberty Freehold Theatre Corporation, defendant. This defendant within a year of complainants' lease replaced the sign on the marquee by the erection of a new and more modern one. This new sign was nearly "V" shaped rather

than rectangular as was the old one and extended slightly higher, about 1 foot 7 inches, above the marquee at the sides and about 2 foot lower at the front. Before the erection of the new sign the complainants used the windows for advertising purposes. Advertising matter placed on the windows could be seen and read from the opposite side of the street. After the new sign was installed signs so placed could not be read or seen from the far side of the street as previously. No right of complainants has been infringed in this respect because the lease contains a clause prohibiting the use of any signs on any part of the premises without the written consent of the owner. No such consent was ever given, in fact was apparently never requested.

The lease to the complainants contained no express grant of light, air or view. The demise was to "all those upstairs premises." The right to unobstructed light, air or view was therefore an implied right. The general rule is that there must be a substantial deprivation of light, enough to render the occupation of the house uncomfortable according to the ordinary notions of mankind, and in the case of business premises to prevent the plaintiff from carrying on his business as beneficially as before, *19 Corp. Jur. 988.*

In *Hagerty* v. *Lee, 45 N. J. Eq. 1; affirmed, 45 N. J. Eq. 255,* an injunction against obstructing light and air was denied by Chancellor McGill because although two windows would be closed and two others partly obstructed the court found that the proofs did not show that the use of the premises were not rendered "decidedly uncomfortably" because the passage of light and air was not substantially hindered. Also compare *Liedtke* v. *Lipman, 76 Atl. Rep. 463; Greer* v. *Van Meter, 54 N. J. Eq. 270* (at *p. 272*); *Ware* v. *Chew, 43 N. J. Eq. 493* (at *p. 500*); *Bloom* v. *Koch, 63 N. J. Eq. 10; Cerra* v. *Maglio, 98 N. J. Eq. 481; Angalias* v. *Hirschfield, 99 N. J. Eq. 622.*

A careful consideration of the proofs fail to establish that any loss of business which was suffered or any substantial interference with the beneficial use of the premises resulted by reason of any claimed diminution of light, air or view.

The decree will be affirmed.

*For affirmance*—The Chief-Justice, Parker, Bodine, Donges, Heher, Perskie, Porter, Colie, Dear, Wells, Rafferty, Hague, JJ. 12.

*For reversal*—None.